# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      v.                                                **CRIMINAL ACTION NO. 2:13CR1**

**ERIC WILLIAMSON,**
          **Defendant.**

## ORDER/OPINION CONCERNING
## PLEA OF GUILTY IN MISDEMEANOR CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Eric Williamson, appeared before me in person and by counsel, Brian J. Kornbrath, on February 15, 2013. The Government appeared by Stephen Warner, its Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by placing Defendant under oath. The Court determined that Defendant intended to enter a plea of "Guilty" to a two-count misdemeanor Information. The Court determined that Defendant's plea was pursuant to a written plea agreement. The Court then read the Two Count Information to Defendant. The Court advised Defendant of the maximum penalty to which he would be exposed as a result of a plea of guilty to the two-count information, which is up to one year of imprisonment, a fine of up to $100,000.00, and up to one year of supervised release for each count. The Court advised Defendant the sentences could be run consecutive to each other. He would further be required to pay a $25.00 mandatory assessment for each count.

The Court then asked counsel for the Government to summarize the written Plea Agreement. Defendant stated that the Government's summary of the Plea Agreement was correct. Defendant thereafter stated in open court he understood and agreed with the terms of the written Plea Agreement, as summarized by the Assistant United States Attorney during the hearing, and that it contained the

whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written Plea Agreement. The Court asked the Government to tender the original written plea agreement to the Court. The Court **ORDERED** the written Plea Agreement filed.

The Court continued with the proceeding by inquiring of Defendant as to his understanding of his right to have an Article III Judge hear and accept his plea, and his willingness to waive that right, and instead have a Magistrate Judge hear and accept his plea. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea, and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Eric Williamson, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent filed.

The Court advised Defendant and determined Defendant understood that, his alleged offenses being misdemeanors, he was not entitled to a Grand Jury. He understood and agreed to the Government filing the Two-Count Information against him. The Court confirmed the Defendant had received and

reviewed the two-count Information in this matter with his attorney. He also understood the elements of the offenses charges, and understood that the Government would have to prove those charges beyond a reasonable doubt. The Court reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the charges contained in the Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined that Defendant understood the nature of the charges pending against him and understood that the maximum sentence which could be imposed upon his conviction or adjudication of guilty for **each** count was imprisonment for a term of not more than one (1) year; a fine of not more than $100,000.00, or both fine and imprisonment; a term of supervised release of up to one (1) year; and a special mandatory assessment of $25.00. Defendant further understood that the Court may require him to pay the costs of his incarceration, the costs of community confinement and the costs of supervised release; and understood that his actual sentence would be determined after a pre-sentence report was prepared and a sentencing hearing conducted.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him on January 17, 2013, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his waiver of his appellate rights as contained in the written plea agreement as follows:

Ct: Did you and Mr. Kornbrath discuss that you have a right to appeal your conviction and sentence to the Fourth Circuit Court of Appeals within 14 days of the Judge's sentencing hearing?

Def: Oh, yes. Yes.

Ct: And did he also discuss with you that you could collaterally attack or challenge any sentence and how that sentence is being carried out by filing a motion under Title 28 Section 2255, commonly called a habeas corpus motion?

Def: Yes, sir.

Ct: Let's turn to paragraph 13 of your written plea agreement. Did you understand that under that particular paragraph you are waiving your right to appeal your conviction and sentence and you're giving up–waiving– your right to collaterally attack or challenge that sentence using a habeas corpus motion if the judge's sentence is within the statutory maximum for the offense of conviction

Def: Yes, sir.

Ct: And you intended to give up those valuable rights under those conditions?

Def: Yes, sir.

Ct: And you understood those conditions before you signed the written plea agreement on January 17 of this year?

Def: Yes.

Based upon which the Court determined that Defendant understood his appellate rights and voluntarily gave them up pursuant to the written Plea Agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government as to the non-binding aspects of the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the charges contained in the Information, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after having the opportunity to review the pre-

sentence investigation report, would Defendant be adjudged guilty of the misdemeanor offenses contained in the Information and a determination made as to whether to accept or reject any recommendation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the sentencing Judge may not agree with the recommendations contained in the written agreement.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the sentencing Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

The Court then discussed with the parties the stipulation contained in the written plea agreement, and determined that the parties understood this stipulation was not binding on the Court, and should the Court not agree with the above stipulation, Defendant would not be permitted to withdraw his guilty plea.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

At this point in the hearing, counsel for Defendant advised that he believed it was the parties' intent that the undersigned United States Magistrate Judge also hold the sentencing hearing in this matter. The undersigned inquired of the AUSA whether he agreed with counsel's assertion, and he said he did agree. The undersigned inquired of Defendant, who also consented to the undersigned sentencing him, noting in particular that it was easier for him to reach the Clarksburg point of holding court than the Elkins or Wheeling points of holding Court. The undersigned therefore finds on the

5

record that Defendant has consented to the undersigned United States Magistrate Judge sentencing him in this matter.

Thereupon, Defendant, Eric Williamson, with the consent of his counsel, Brian J. Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the charges contained in the two-count Information.

The undersigned then heard the testimony of Government witness Homeland Security Special Agent Stephen Austin. He was not the case agent, but was familiar with the case and had worked on it with the case agent, Special Agent Pat Kelly. The investigation commenced when a package was intercepted by United States Customs. The package's destination was Defendant's address in Philippi, West Virginia. The package came from Spain. On July 1, 2011, the package was inspected and was found to contain a white powder which tested as cocaine hydrochloride. The package was not delivered.

In October 2011, another package was intercepted by U.S. Customs in Philadelphia. It was also addressed to Defendant. It was opened and it contained a white powdery substance that field tested positive for PCP. The package was turned over to Homeland Security and Special Agent Kelly. A search warrant was obtained for Defendant's residence. Officers arrived at Defendant's residence with the package. Defendant came to the door and told the agent (who may have been dressed as a delivery person) that he would take the package. The Agent asked him, "I guess you've been expecting this?" To which Defendant replied, "Yes." The Agent then identified himself as a federal agent.

Defendant made statements to the agents. He stated that the current package was to contain free samples from a person in Spain whom he'd met online on Facebook. He said he never ordered anything, but the package was supposed to contain cocaine. An earlier package was also supposed to contain cocaine, but it never arrived. A forensic search of Defendant's computer showed emails and searches related to cocaine, delivery of cocaine by UPS, buying cocaine, Customs, and tracking. Some

6

of the emails involved inquiries and statements such as: "Did you sent it yet?", "I'll pay as soon as possible," and "It looks like it got through customs." Although the substance in the package field tested positive for PCP, lab confirmation indicated the substance was cocaine.

SA Austin testified that Defendant later sent an email to SA Kelly apologizing and stating his wife had nothing to do with the cocaine, and he was only trying to make himself feel better for a little while. He stated he was stupid and had lost his family due to his actions.

The defendant stated he had heard, understood, and agreed with SA Austin's testimony. From the testimony of SA Austin, the undersigned Magistrate Judge concludes the offenses charged in the two-count Information are supported by an independent basis in fact concerning each of the essential elements of such offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea, and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant knowingly and voluntarily waived his right to proceed by Indictment and elected to proceed by Information; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty; Defendant made a knowing and voluntary plea to each of the two counts contained in the Information; and Defendant's plea is independently supported by the testimony of Special Agent Austin, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

This Court, therefore, **ADJUDGES** the defendant **GUILTY** of the crime charged in the one-count Information and, pursuant to Fed. R. Crim. P. 11(c)(3)(A) and U.S.S.G. § 6B1.1(c), **DEFERS** acceptance of the proposed plea agreement until the Court has received and reviewed the presentence

report prepared in this matter.

Pursuant to U.S.S.G. § 6A1 et seq., it is hereby **ORDERED** that:

1. The Probation Officer undertake a presentence investigation of **Eric Williamson** and prepare a presentence report for the Court;

2. The Government and the defendant to provide their versions of the offense to the probation officer by **March 1, 2013;**

3. The presentence report to be disclosed to the defendant, defense counsel, and the United States on or before **April 1, 2013**; however, the Probation Officer is not to disclose the sentencing recommendations made pursuant to Fed. R. Crim. P. 32(e)(3);

4. Counsel to file written objections to the presentence report on or before **April 15, 2013;**

5. The Office of Probation to submit the presentence report with addendum to the Court on or before **April 29, 2013**; and

6. Counsel to file any written sentencing statements and motions for departure from the Sentencing Guidelines, including the factual basis from the statements or motions, on or before **May 6, 2013.**

The Court will schedule the sentencing hearing for the defendant by further Order of the Court.

Defendant is ordered released pursuant to an Order Setting Conditions of Release to be entered in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: February 18, 2013

s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE